IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMY H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-621-SMD |
| | ) | |
| FRANK BISIGNANO, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On April 26, 2026, the Commissioner filed an Unopposed Motion for Entry of Judgment with Remand. Comm'r's Mot. (Doc. 21). The Commissioner requests that the Court reverse the Commissioner's decision and remand this case for further consideration and administrative action pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* p. 1. The Commissioner avers that, on remand, the Appeals Council will instruct the Administrative Law Judge to obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base, offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision. *Id.*

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner

for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

In this case, the Court finds reversal and remand necessary as the Commissioner concedes reconsideration and further administrative actions are necessary. Further, Plaintiff does not oppose the motion. Mot. (Doc. 21) p. 1. Accordingly, it is

ORDERED that the Commissioner's Unopposed Motion for Entry of Judgment with Remand (Doc. 21) is GRANTED and that the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings under sentence four of 42 U.S.C. § 405(g) consistent with the Commissioner's motion. Further, it is

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), Plaintiff shall have **ninety (90)** days after he receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C.§ 406(b). *See also Blitch v. Astrue*, 261 F. App'x 241, 241 n.1 (11th Cir. 2008).

A separate judgment will issue.

Done this 7th day of April, 2026.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

2